IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA MARTIN** | : CIVIL ACTION |
| *Plaintiff* | : |
| | : NO. 14-3729 |
| v. | : |
| | : |
| **JOHN J. MCHUGH,** *et al.* | : |
| *Defendants* | : |

NITZA I. QUIÑONES ALEJANDRO, J.                                                  July 30, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Presently before this Court is a motion for appointment of counsel filed by Linda Martin ("Plaintiff"), acting *pro se*. [ECF 2]. For the reasons stated herein, the motion for appointment of counsel is denied.

On June 17, 2014, Plaintiff filed a complaint against the following defendants: John M. McHugh, Secretary of the Department of the Army, Sloan D. Gibson, Acting Secretary for the Department of Veterans Affairs, Robert Boutsiles, President of AFGE, Local 2004, and John E. Semodejka (collectively "Defendants"). Construed liberally, in her complaint, Plaintiff purports to assert claims of employment discrimination against her federal employer and also seeks to overturn the decision of a state court revoking a power of attorney she purportedly held with regard to her brother. [ECF 1]. Simultaneously, Plaintiff also filed the underlying motion for appointment of counsel. [ECF 2].

## DISCUSSION

It is well-settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007)

(quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). However, district courts have been given the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In considering whether to appoint counsel, a court should initially determine whether the plaintiff's claim has some arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Once the court determines that the cause of action has sufficient merit, it should then consider the following six *Tabron* factors to determine whether to grant the motion; *to wit*:

> (1) the plaintiff's ability to present his/her own case;
> (2) the complexity of the legal issues:
> (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) will the case require the testimony of expert witnesses; and
> (6) can the plaintiff attain and afford counsel on his/her own behalf.

*Parham*, 126 F.3d at 458.

As stated, as a threshold matter, this Court must initially determine whether Plaintiff's claim has some arguable merit in fact and law to justify the appointment of counsel. A careful review of her complaint reveals that Plaintiff appears to primarily challenge an adverse decision of the Equal Employment Opportunity Commission ("EEOC"), which affirmed the decision of an EEOC Administrative Judge regarding her claims of employment discrimination. Attached to Plaintiff's complaint is the Administrative Judge's well-reasoned decision which sets forth the basis for the denial of Plaintiff's discrimination claims. Plaintiff also appears to challenge a decision of a state court to revoke a power of attorney she purports to have held regarding her brother. This Court questions its authority and/or the jurisdictional basis to provide the relief requested. No such authority was provided or found.

In addition, this Court is cognizant that Plaintiff has attempted to attain counsel from several different law firms, to no avail. While this observation is not dispositive of whether Plaintiff's claim has merit, it is a factor considered. *See Johnson v. Stempler*, 373 F. App'x 151, 155 (3d Cir. 2010) (affirming denial of counsel where five attorneys declined to represent plaintiff); *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (finding that though the willingness of counsel to take a case is not a perfect indicator of the merits of the action, it should be given "significant consideration" in order to sift out the "patently frivolous" claims).

Based upon the considerations expressed, this Court finds that Plaintiff's claims lack merit in law and fact to justify the appointment of counsel. While this Court's analysis is sufficient as a threshold determination to deny Plaintiff's motion for appointment of counsel, even considering the *Tabron* factors, these weigh against the appointment of counsel.

*Plaintiff's Ability to Present Her Own Case*

Whether a plaintiff can effectively pursue a matter *pro se* will depend on several criteria, including, the plaintiff's education, literacy, prior work experience, prior litigation experience and ability to understand English. *Tabron*, 6 F.3d at 156; *Parham*, 126 F.3d at 459. It is not necessary that the plaintiff have the skills, abilities, and expertise of a trial lawyer; rather, the plaintiff need only possess the baseline ability to adequately present her claims. *Gordon*, 232 F. App'x at 157. Here, while Plaintiff's complaint is not a model of legal clarity, it provides facts upon which her claims are based. In addition, documents attached to Plaintiff's complaint reveal that she is a college graduate from Community College of Allegheny, with an Associate of Science degree and a 3.5 G.P.A. Plaintiff has been employed as a licensed practical nurse for at least ten years and appears to have litigated her underlying employment discrimination claims *pro se* before an Administrative Judge and the EEOC. Upon examination of Plaintiff's filings, this Court opines that Plaintiff possesses the baseline abilities to adequately present her case.

*Complexity of the Legal Issues*

Where cases involve complicated legal issues, courts should be "more inclined to appoint counsel." *Tabron*, 6 F.3d at 156. As gleaned from Plaintiff's complaint, this case does not present complex legal issues. Plaintiff alleges a simple claim for employment discrimination, and a review of a state court action. Because these matters do not appear to involve any complex legal issues, this factor weighs against the appointment of counsel.

*Necessity and Ability of Plaintiff to Pursue Factual Investigation*

Cases that are "likely to require extensive discovery and compliance with complex discovery rules" weigh in favor of appointment of counsel. *Tabron*, 6 F.3d at 156. As stated, the principal issue in this matter appears to be a straightforward employment discrimination matter. As such, it is not likely to require extensive discovery or compliance with complex discovery rules. Since an administrative hearing was held, Plaintiff presumptively has most, if not all, of the discovery for her case. This factor, therefore, weighs against the appointment of counsel.

*Extent to which Case is Likely to Turn on Credibility*

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. *Lasko v. Watts*, 373 F. App'x 196, 201 (3d Cir. 2010). However, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. At this preliminary stage, it is difficult to determine whether this case will turn on the credibility of the parties. As such, this factor is neutral to the appointment of counsel.

*Whether Case Will Require Expert Testimony*

The necessity of cross-examining expert witnesses may favor the appointment of counsel. *Tabron*, 6 F.3d at 156. However, counsel is not necessary in every case likely to include expert

testimony. *Lasko*, 373 F. App'x at 202. It is unlikely that this action will require expert testimony. Thus, this factor weighs against the appointment of counsel.

*Plaintiff's Ability to Attain and Afford Counsel*

The appointment of counsel is not warranted where a plaintiff can afford counsel. *Tabron*, 6 F.3d at 157. This Court has an obligation to preserve the "precious commodity" of volunteer legal services. *Parham*, 126 F.3d at 458. Notably, nowhere in her motion does Plaintiff claim to be indigent or without the financial means to obtain counsel. To the contrary, in a recent filing, Plaintiff indicated that she had, at some point, paid a private attorney a retainer for her case. Further, documents attached to the complaint indicate that as of at least June 2012, Plaintiff made $42,304.00 a year as a licensed practical nurse. Under these circumstances, this factor weighs heavily against the appointment of counsel.

## CONCLUSION

As the Third Circuit has emphasized, voluntary attorney time is a scarce resource that should not be expended indiscriminately. *Parham*, 126 F.3d at 458. Therefore, this Court has an obligation to ensure that this limited resource is allocated to cases with the greatest merit and to those plaintiffs with the greatest need for counsel. *See Tabron*, 6 F.3d at 157. Having considered the relevant *Tabron* factors, this Court concludes that Plaintiff's case does not meet the criteria for the appointment of counsel and, therefore, Plaintiff's motion is denied. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDC J.