## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA MARTIN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 14-3729** |
| **v.** | : | |
| | : | |
| **JOHN M. McHUGH**, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                      NOVEMBER 7, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a *motion to dismiss and/or transfer claims against the federal defendants or, alternatively, for partial summary judgment* filed by John M. McHugh, Secretary of the United States Army, and Robert A. McDonald, Secretary of the United States Department of Veterans Affairs (collectively "Defendants"), which seeks either dismissal of the claims asserted against the federal defendants or the transfer of this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1404(a).   [ECF 11]. Plaintiff Linda Martin ("Plaintiff"), acting *pro se*, has not filed any response to the motion and her time for doing so has long passed.

For the reasons stated herein, Defendants' motion to transfer venue is granted.   This Court defers the ruling on Defendants' alternative motion requests to the transferee district.

## BACKGROUND[1]

On June 17, 2014, Plaintiff filed a complaint against the following defendants:  John M. McHugh, Secretary of the United States Department of the Army, Sloan D. Gibson, Acting

---

[1] The facts are taken from Plaintiff's complaint, the declarations, and evidence attached to Defendants' motion.

Secretary for the United States Department of Veterans Affairs (VA),[2] Robert Boutsiles ("Boutsiles"), President of AFGE, Local 2004, and John E. Semodejka ("Semodejka").[3] Construed liberally, Plaintiff purports to assert claims of employment discrimination against her employer, the United States Army and, unrelatedly, also seeks to overturn a decision of a state court which revoked a power of attorney she purportedly held on behalf of a brother. [ECF 1]. Plaintiff's claims against Boutsiles, the president of her labor union, are for failing to represent and/or assist with the claims against her employer. Finally, although Plaintiff names Semodejka as a defendant in her complaint, none of the averments in the complaint, or the more than 900 pages attached as exhibits, contains a single allegation against him.

As to the request for a transfer of venue, this Court has gleaned from the complaint that Plaintiff resides in Hummelstown, Pennsylvania, which is located within the parameters of the Middle District of Pennsylvania. Her employers, the New Cumberland United States Army Clinic, where Plaintiff worked from 2005 until 2012, and the Dunham United States Army Health Clinic, where Plaintiff worked from 2012 until her termination in 2014, are located in the Middle District of Pennsylvania. Plaintiff alleges that Defendants Boutsiles and Semodejka, reside in New Cumberland, Pennsylvania, and in Pottsville, Pennsylvania, respectively; both areas located within the Middle District of Pennsylvania. As to Plaintiff's claims relating to her brother's care at the VA facility in Coatesville, a facility located in the Eastern District of

---

[2] Secretary McDonald was confirmed as VA Secretary on July 29, 2014. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as a defendant for former VA Acting Secretary Sloan D. Gibson.

[3] Notably, Plaintiff has not filed proof of service as to any of the defendants, though each defendant has moved to dismiss her complaint.

2

Pennsylvania, her claim relates to the revocation of a power of attorney that was done in a state court located in Schuylkill County, located in the Middle District of Pennsylvania.[4]

## DISCUSSION

At the outset, this Court notes that venue in this district appears to be improper. Under §1391, venue is proper in the district where any non-governmental defendant resides, where "a substantial part of the events or omissions giving rise to the claim occurred," or "if there is no district in which an action may otherwise be brought," in any "district in which any defendant is subject to the court's personal jurisdiction with respect to such action." §1391(b)(1)-(3). As to actions against officers or employees of the United States, venue is proper in any district where any defendant in the action resides, where a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or where the plaintiff resides if no real property is involved. §1391(e)(1). As stated, neither of the two non-governmental defendants, *i.e.*, Boutsiles or Semodejka, nor Plaintiff resides in this district. In addition, none of the events underlying Plaintiff's claims occurred in this district. As such, venue is improper in this district.

Notwithstanding the improper venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). The purpose of transferring venue under §1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616

---

[4] Although not decided, in dicta, this Court questioned its subject matter jurisdiction to decide this issue. *See* Opinion dated July 30, 2014. [ECF 9].

3

(1964). In determining whether transfer is appropriate, "the district court is vested with wide discretion," *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973), and its decision is governed by federal law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-78 (3d Cir. 1995).

The threshold inquiry under §1404(a) is whether venue in the transferee district is proper. *Id.* at 878. If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). The party seeking the transfer bears the burden of establishing the need for the transfer. *Jumara*, 55 F.3d at 879.[5] Although "there is no definitive formula or list of the factors to consider," when determining whether a transfer is warranted, a court should weigh existing relevant private and public interests in its decision process; *to wit*:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

---

[5] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, *4 (E.D. Pa. Oct. 2005).

As to the threshold inquiry required under §1404(a), this Court finds that this matter could have been brought in the United States District Court for the Middle District of Pennsylvania since venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. §1391(b)(2).  As averred in the complaint, Plaintiff primarily asserts employment-based claims against her former employer, the United States Army, that occurred while employed by the United States Army as a licensed practical nurse (LPN) at the Dunham United States Army Health Clinic in Carlisle, Pennsylvania, (the "Dunham Clinic") and at the Fillmore United States Army Clinic in New Cumberland, Pennsylvania, (the "Fillmore Clinic").  Both of these facilities are located within the Middle District of Pennsylvania.  Thus, all of the alleged employment misconduct underlying Plaintiff's claims against her employer occurred at one of these two facilities.

In addition, the revocation of the power of attorney held on behalf of Plaintiff's brother was done in a state court located in the Middle District of Pennsylvania.

In light of this factual scenario, this Court finds that this action could have been filed in the Middle District of Pennsylvania; and will now analyze the *Jumara* private and public factors to determine whether the convenience of the parties and witnesses, and the interest of justice weigh in favor of a transfer and warrant granting Defendants' request to transfer this matter.

## *PRIVATE FACTORS*

As stated, the *Jumara* private factors include consideration of the plaintiff's forum preference as manifested in the original choice; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records

5

(similarly limited to the extent that the files could not be produced in the alternative forum). These factors will be separately analyzed.

*Plaintiff's choice of forum*

Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum. *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197-98 (E.D. Pa. 2008); *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). When "the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology B.V.*, 2007 WL 4365328, *5 (D. N.J. Dec. 11, 2007). A plaintiff's forum choice also receives "considerably less weight" where "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F.Supp.2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256 (1981)).

Here, the Eastern District of Pennsylvania is not home to Plaintiff; rather, Plaintiff is a resident of Hummelstown located in the Middle District of Pennsylvania. As described, the operative facts relevant to Plaintiff's employment-based claims all occurred in or near the two facilities where Plaintiff worked, which are located in the Middle District of Pennsylvania. Since this forum has little connection with any of the operative facts of the lawsuit, Plaintiff's choice of this district is not accorded with the usual strong preference or weight, *Siegel*, 255 F. Supp.2d at 457, and, thus, this factor weighs in favor of the requested transfer.

6

### *Defendants' forum preference*

In the motion to transfer venue, Defendants identify the Middle District of Pennsylvania as their preferred forum. As stated, during the time that Plaintiff was employed by Defendants, she worked in either the Dunham or Fillmore clinics, both of which are located in the Middle District of Pennsylvania. In light of the insignificant relationship between the underlying employment dispute and the Eastern District of Pennsylvania, Defendants' forum choice weighs in favor of a transfer.

### *Whether the claim arose elsewhere*

The third factor – where a majority of events giving rise to the claim arose – also weighs in favor of transfer. As set forth, none of the events underlying Plaintiff's employment-based claims occurred in this district. To the contrary, all of Plaintiff's employment activities occurred in the Middle District of Pennsylvania, as did the events related to her brother's power of attorney. As such, this factor weighs in favor of transfer to the Middle District of Pennsylvania.

### *Convenience of the parties and/or witnesses as indicated by their relative physical and financial condition*

As noted, Plaintiff is a resident of Hummelstown, a town located in the Middle District of Pennsylvania. The named Defendants also reside in the Middle District of Pennsylvania. Plaintiff's employment with Defendants was in facilities located in the Middle District of Pennsylvania, as are the representatives from the clinics and any witness to the claimed events. If trial were held in the Eastern District of Pennsylvania, it would involve additional costs associated with travel and lodging, as compared to the Middle District of Pennsylvania, and inconvenience to everyone involved.

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, 2001 WL 1526270, *2 (E.D. Pa.

7

Nov. 29, 2001). Fact witnesses "'who possess[] firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis.'" *Coppola*, 250 F.R.D. at 199 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp.2d 192, 203 (D. Del. 1998)). Considering Plaintiff is located in the Middle District of Pennsylvania, and the two clinics where she worked for Defendants are also located there, it appears likely that the majority of fact witnesses in this matter will be located in the Middle District of Pennsylvania. Under these circumstances, the convenience of the parties and witnesses weighs in favor of transfer.

### *Location of books and records*

As to the final private factor, the location of books and records, "[t]echnical advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis. . . ." *Lomanno v. Black*, 285 F. Supp.2d 637, 647 (E.D. Pa. 2003). Thus, this factor has a neutral effect unless hard copies of documents are necessary to this litigation. Since any such documents are likely housed at the sites of Plaintiff's former employment located in the Middle District of Pennsylvania, this factor also weighs slightly in favor of transfer.

### *PUBLIC FACTORS*

*Jumara* describes the public interest factors to include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. The relevant public factors are considered as follows:

*Enforceability of judgment*

Because a judgment entered in the Middle District of Pennsylvania would be equally enforceable in the Eastern District of Pennsylvania, this element is a neutral factor in the transfer consideration.

*Practical considerations that could make the trial easy, expeditious or inexpensive*

As stated, all of the facts underlying Plaintiff's claims occurred in the Middle District of Pennsylvania. As a result, most of the witnesses are likely to be located in or around the Middle District of Pennsylvania, making trial in that forum easier, more expeditious and less expensive. Thus, this factor weighs in favor of transfer.

*Relative administrative difficulty in the two fora resulting from court congestion*

Neither party has addressed or presented any evidence as to the relative congestion of the two competing fora. This is, therefore, a neutral factor for purposes of a transfer consideration.

*Local interest in deciding controversies at home and the public policies of the fora*

As stated, the operative facts underlying the dispute at the heart of this matter occurred in the Middle District of Pennsylvania. As such, the Middle District of Pennsylvania has a significant interest in the parties' underlying disputes. Thus, this factor weighs in favor of transfer.

After carefully weighing the relevant *Jumara* private and public factors, this Court finds that for the convenience of the parties and witnesses and in the interest of justice, a transfer to the Middle District of Pennsylvania is warranted pursuant to 28 U.S.C. §1404(a).

**CONCLUSION**

For the reasons stated herein, Defendants' motion for transfer of venue is granted. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.J.

9